### 45568. ZAPPA v. EWING.

DEEN, Judge. Ewing filed a petition alleging that a contract existed between the defendant Zappa as owner and himself as contractor to do certain work on Zappa's home; that Zappa owed him the sum of $5,100, and that he prayed judgment for this amount and foreclosure of a claim of lien previously filed against the property. Zappa counterclaimed in the sum of $4,000, alleging that Ewing's contract was not with him but with Allstate Insurance Company to repair certain fire damage to his home, that plaintiff had failed to perform and had injured his home in the amount of $4,000 because of faulty workmanship. The jury found against the lien and in favor of the plaintiff for $2,489.86. *Held:*

1. Enumerations of error 1, 2, 4 and 5 deal with alleged errors on the part of the trial court in submitting the claim of lien and certain issues raised thereby to the jury. Since, however, there was a specific finding that no lien existed (which was supported by evidence that suit to foreclose the lien had not been commenced within the time permitted by law) any error in submit-

ting the issue was harmless to the defendant owner, the jury having found in his favor on this issue.

2. Enumerations of error 6 through 23 are not argued and are treated as abandoned. As to proof that a contract to repair the house existed between plaintiff and defendant, it appears that defendant lived in the home and that he wanted the fire damage repaired; that defendant's wife called the plaintiff to come out and make an estimate, and subsequently, during the course of the work, agreed with him on doing certain additional work, and that the plaintiff had on a previous occasion done work on the home under a similar arrangement and had been paid by the defendant. This is sufficient evidence, in the absence of anything to the contrary, to establish that the defendant's wife was his agent in authorizing the work to be done. When one renders services valuable to another, which the latter accepts, a promise is implied to pay ·the reasonable value thereof. *Code* § 3-107.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.* ARGUED SEPTEMBER 16, 1970—DECIDED OCTOBER 16, 1970.

*Paul R. Koehler,* for appellant.
*Harold B. Thompson,* for appellee.